UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELESHA SOTO,<br><br>          Plaintiff,<br><br>     v.<br><br>SOCIAL SECURITY DISABILITY, et al.,<br><br>          Defendants. | Case No.  25-cv-11066-LJC<br><br>**ORDER GRANTING APPLICAITON TO PROCEED IN FORMA PAUPERIS**<br><br>**ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED**<br><br>Re: Dkt. Nos. 1, 2 |

United States District Court
Northern District of California

## I.     INTRODUCTION AND IFP APPLICATION

Plaintiff Elesha Soto, pro se, applies to proceed in forma pauperis (IFP).  ECF No. 2. Sufficient cause having been shown, that application is GRANTED.

The Court now considers the sufficiency of Soto's Complaint under 28 U.S.C. § 1915(e)(2)(B).  For the reasons discussed below, Soto is ORDERED TO SHOW CAUSE why this case should not be dismissed under that statute, and for failure to maintain a current mailing address.  Soto must file a response or amended complaint no later than three weeks from the date of this Order.

The case management conference previously set for April 9, 2026 is CONTINUED to June 25, 2026 at 1:30 PM, to occur by Zoom webinar videoconference.  Access instructions are available at https://cand.uscourts.gov/ljc/.  A case management statement is due June 18, 2026.

## II.     ALLEGATIONS OF THE COMPLAINT

Soto brings this action against Defendants "Social Security Disability" and "Marin County Courts."  Compl. (ECF No. 1) at 2.

Soto alleges that she was "approved Disability" by a judge of a Marin County court in July of 2013.  Compl. at 3.  Soto never retrieved documents and the "Santa Rosa Disability Offices

failed to comply." *Id.* Soto reapplied in March of 2025, and though this portion of her Complaint is not particularly clear, she suggests that she submitted documents establishing her eligibility for benefits based on both financial circumstances and inability to work due to medical impairments. *Id.* at 3–5. Soto appears to allege that her application was denied. *See id.* at 7 (". . . employees throughout Sonoma County social, city, county, government, and federal levels of services provided denied as a result."). Soto also indicates that she was denied services by a Homeless Services department. *Id.* at 6. Soto asserts a "violation to Human Rights, Freedom of Speech." *Id.* She cites as legal authority "SSR 84-21c Rule 28 U.S.C. [sic], SSR 76, SSR 77-28c." *Id.* at 2. Portions of Soto's handwritten Complaint are difficult to discern.

### III.    LEGAL STANDARD

When a plaintiff is granted leave to proceed in forma pauperis, the Court is then required to evaluate the sufficiency of the plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B). That statute provides in relevant part that after granting permission to proceed in forma pauperis, a court "shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). When a complaint fails to state a claim on which relief may be granted, a court may also dismiss the case sua sponte (meaning on the court's own initiative) under Rule 12(b)(6) of the Federal Rules of Civil Procedure, regardless of whether a plaintiff is proceeding in forma pauperis. *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987).

When the complaint has been filed by a pro se plaintiff, a court must "construe the pleadings liberally and . . . afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). But "[t]hreadbare recitals of the elements of a cause of action . . . do not suffice," and a court need not credit "legal conclusions" or "mere conclusory statements." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). In order to state a claim on which relief may be granted, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must demonstrate "facial plausibility" by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

United States District Court
Northern District of California

2

alleged." *Iqbal*, 556 U.S. at 678.  In other words, the Complaint needs to include *facts*, not just the type of legal claim the plaintiff asserts.  In assessing whether a complaint is "frivolous" under § 1915, the Court may also consider whether "the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

Furthermore, federal courts are courts of limited subject matter jurisdiction, and a plaintiff must provide a sufficient explanation of why this case falls within that jurisdiction.  Two of the most common grounds for federal subject matter jurisdiction are federal question jurisdiction under 28 U.S.C. § 1331, which applies to claims "arising under the Constitution, laws, or treaties of the United States," and diversity jurisdiction under 28 U.S.C. § 1332(a), which applies to cases where no defendant is a citizen of the same state as any plaintiff and where the amount in controversy exceeds $75,000.  Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

Courts ordinarily must give pro se plaintiffs leave to "amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1235 n.9 (9th Cir. 1984).

## IV.    ANALYSIS

### A.    Claims Against Marin County Courts

Soto's only factual allegations regarding the Marin County courts are that Soto "in 2013 approved Disability by Femal [sic] Judge County of Marin Courts," but Soto never retrieved her documents.  Compl. at 3.  Soto then alleges that "Santa Rosa Disability Offices failed to comply." *Id.*  Santa Rosa is in Sonoma County rather than Marin County, and Soto's Complaint later vaguely references Sonoma County government entities. *Id.* at 7.  Soto has not, however, named any defendant associated with Sonoma County.

Accordingly, even drawing all reasonable inferences in Soto's favor, the Complaint does not include any allegation of purported wrongdoing by Defendant "Marin County Courts" that could support a potential claim against that entity.  There are also immunity doctrines that might

United States District Court
Northern District of California

prevent Soto from bringing claims against a state court, such as judicial immunity for claims against judges acting in their judicial capacity, and Eleventh Amendment immunity for claims against states or "arms" of a state, though it is difficult to tell which of those might apply when it is not clear what sort of claim Soto intends to bring.  *See, e.g.*, *Munoz v. Superior Ct. of L.A. Cnty.*, 91 F.4th 977, 980 (9th Cir. 2024) ("[T]he Superior Court of the State of California has sovereign immunity as an arm of the state.").

Further, none of the legal authorities Soto cites—various federal Social Security Rulings and an unspecified portion of Title 28 of the U.S. Code, *see* Compl. at 2—are likely to apply to a state court in Marin County.

If Soto wishes to proceed on a claim against the "Marin County Courts" (presumably the Superior Court of California for the County of Marin), she must include facts supporting such a claim (i.e., what she believes the Marin courts did wrong) and must identify at least at a basic level the legal authority that allows her to bring such a claim in this Court, as well as why it is not barred by the Eleventh Amendment.  If her claim arises from events occurring in 2013, she must also address why it is not too late for her to bring that claim now, more than a decade later.  She has not done any of those things in her present Complaint.

**B.      Claims Against "Social Security Disability"**

To the extent Soto wishes to challenge a denial of federal Social Security disability benefits, she must first apply for federal benefits and obtain a final decision denying that application, and then comply with the Federal Rules of Civil Procedure's Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g).  A complaint under those Rules must:

(A) state that the action is brought under § 405(g);

(B) identify the final decision to be reviewed, including any identifying designation provided by the Commissioner with the final decision;

(C) state the name and the county of residence of the person for whom benefits are claimed;

(D) name the person on whose wage record benefits are claimed; and

(E) state the type of benefits claimed.

Supplemental Rule 2(b).

Soto's current Complaint does not comply with those requirements. It is not even clear if Soto has applied for federal benefits, or otherwise believes that any federal entity has wronged her in any way. If Soto wishes to challenge a denial of federal Social Security benefits, she must comply with the Supplemental Rules governing such claims.

## V.     INADEQUATE MAILING ADDRESS

Under this Court's Civil Local Rule 3-11, "a party proceeding pro se whose address changes while an action is pending must promptly file with the Court and serve upon all opposing parties a Notice of Change of Address specifying the new address." Civ. L.R. 3-11(a). The Court may dismiss a case without prejudice if mail to the party has been returned as undeliverable and the Court has not "receive[d] within 60 days of this return a written communication from the . . . pro se party indicating a current address." Civ. L.R. 3-11(b).

By letter dated February 3, 2026, Soto updated her mailing address to "General Delivery" in Santa Rosa, California 95401. ECF No. 6. A filing sent to Soto at that address was returned as undeliverable on March 9, 2026. ECF No. 10. Sixty days have not yet elapsed from that return, but Soto is obligated to provide a current address where she can receive mail. If she does not do so by May 8, 2026, this case would be subject to dismissal under Civil Local Rule 3-11(b).

## VI.     CONCLUSION

Soto is ORDERED TO SHOW CAUSE why her Complaint should not be dismissed for the reasons discussed above. No later than three weeks from the date of this Order, Soto must file either: (1) an amended Complaint that cures the defects above; or (2) a response to this Order arguing why her current Complaint should be permitted to proceed. If Soto files an amended complaint, it must include the same caption and case number (25-cv-11066) as this Order, and must include all of the facts on which she relies and all of the defendants she wishes to sue. An amended complaint completely replaces the original complaint and cannot rely on allegations that appear only in the original complaint. Whatever Soto files must also include an updated mailing address or an explanation for why she should be permitted to proceed with her address as currently listed.

United States District Court
Northern District of California

5

If Soto fails to file a response by that deadline, or her response fails to resolve the defects identified above, the case will be reassigned to a district judge with a recommendation for dismissal.

As noted above, the case management conference previously set for April 9, 2026 is CONTINUED to June 25, 2026 at 1:30 PM, to occur via Zoom webinar videoconference.

**IT IS SO ORDERED.**

Dated: April 3, 2026

_____
LISA J. CISNEROS
United States Magistrate Judge

United States District Court
Northern District of California

6